**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

Paul Miller,

        Plaintiff,

vs.

Target Enterprise, Inc.,

        Defendant.

Case No. **4:20-cv-00173-SDJ-KPJ**

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227 *et. seq.,*
2. TDCA, Tex. Fin. Code Ann. § 392 *et. seq.*
3. Invasion of Privacy - Intrusion Upon Seclusion

(Unlawful Debt Collection Practices)

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Paul Miller ("Plaintiff" or "Mr. Miller"), through his attorneys, hereby amends his Complaint and Demand for Jury Trial [doc. 1] ("Complaint") and alleges the following against Defendant, Target Enterprise, Inc. (misnamed as "Target Card Services" in Plaintiff's Complaint) ("Defendant" or "Target"):

**INTRODUCTION**

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon Texas Debt Collection Act ("TDCA"), Tex. Fin. Code 392, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based on Texas' recognition of common law invasion of privacy through intrusion upon seclusion.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over Plaintiff's federal claim under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. Code § 1367 in that they are so related to Plaintiff's federal claim that they form part of the same case or controversy.

6.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.      Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8.      Plaintiff is a natural person residing in Fort Worth, Texas.

9.      Plaintiff is a consumer as defined by the TDCA, Tex. Fin. Code 392.001(1).

10.      Defendant is engaged in the business of providing credit cards through its retail stores, TARGET.

11.      Defendant is a Minnesota corporation that engages in business in Texas. Defendant can be served with process at 1000 Nicollet Mall, Minneapolis, MN 55403.

*Miller, Paul v. Target Card Services*
Amended Complaint and Demand for Jury Trial

12.    Defendant is a "debt collector" as defined by the TDCA, Tex. Fin. Code 392.001(6).

13.    At all times relevant to the instant action, Defendant was attempting to collect a "consumer debt" from Plaintiff, as defined by the TDCA, 47 Tex. Fin. Code § 392.001(5).

14.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15.    Defendant is attempting to collect a consumer debt from Plaintiff.

16.    In or around July 2019, Plaintiff began receiving calls on his cellular telephone; (XXX) XXX-5844.

17.    Defendant called from the following numbers: (612) 815-5870 and (866) 672-3286

18.    Upon information and belief, this number is owned or operated by Defendant.

19.    On or about July 5, 2019 at 12:37 p.m., Plaintiff answered a call from (612) 815-5870; Plaintiff heard a pause before Defendant's representative because to speak, indicating the use of an automated telephone dialing system.

20.    Defendant's representative informed Plaintiff that it was attempting to collect a debt.

21.    During the call, Plaintiff explained to Defendant that he was currently going through a financial hardship and was not currently able to make a payment due to an

unexpected costs associated with his two children. Plaintiff expressly told Defendant that he would call Defendant as soon as he was able to make a payment. Plaintiff also asked for calls to his cell phone to cease, and for Defendant to only contact him by mail. Despite his request, Plaintiff continued to receive constant calls on his cellular phone.

22.     Between July 5, 2019 and December 26, 2019, following Plaintiff's request for all calls to cease, Defendant contacted Plaintiff no less than two hundred and thirty (230) times.

23.     On most days Plaintiff would receive numerous calls from Defendant. For example, Defendant called Plaintiff four (4) times on July 23, July 25, July 31, August 1, August 2, and December 11. Most other days Defendant called Plaintiff between two (2) and three (3) times.

24.     Defendant called Plaintiff at incredibly inconvenient, obnoxious, or embarrassing times, including while at work, prior to Plaintiff's normal waking hours, and late in the evening.

25.     Every call to Plaintiff's cell phone from Defendant resulted in loss of use of the cell phone, distraction, frustration, embarrassment, and anxiety as Plaintiff would have to pull out the cell phone, check the number, and dismiss the call.

26.     Loss of use of Plaintiff's cell phone is a serious concern to Plaintiff, as he has two children, one of which is in middle school, who are engaged in extracurricular activities after school which includes local travel and who therefore need to be able to contact Plaintiff at any time. This forced Plaintiff to check the cell phone every time it rang, including every one of the two hundred and thirty (230) calls from Defendant.

*Miller, Paul v. Target Card Services*
Amended Complaint and Demand for Jury Trial

27.     Some of the calls were automated with no live person on the line when Plaintiff would answer.

28.     Defendant's incessant calling was done with the full knowledge that Plaintiff was already dealing with the anxiety and stress associated with financial hardship, and after Plaintiff respectfully requested that calls to his cellular telephone stop and that all communications be conducted via mail.

29.     If Defendant's intention had been to simply remind Plaintiff of his debt, Defendant could have sent Plaintiff monthly account statements. However, Defendant instead chose to call Plaintiff on his cell phone constantly, at inconvenient and embarrassing times, in an effort to coerce him into making a payment Defendant knew he could not afford to make.

30.     This collection tactic is particularly egregious when it is considered that the principle balance of the underlying debt is less than $2,000.00.

31.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, frustration, anxiety, sleeplessness, embarrassment, and the loss of use of his personal cell phone.

## <u>COUNT I</u>
### (Violations of the TCPA, 47 U.S.C. § 227)

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

*Miller, Paul v. Target Card Services*
Amended Complaint and Demand for Jury Trial

a.    Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.    Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34.    Defendant's acts, as described above, were done willfully in violation of the TCPA.

35.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392 *et seq.*)

36.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

37.     Defendant violated the TDCA. Defendant's violations include, but are not limited to, the following:

38.     Defendant violated Tex. Fin. Code 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

39.     Defendant's acts, as described above, were done intentionally, with full knowledge of Plaintiff's financial hardship, and with the purpose of coercing Plaintiff to make a payment that Defendant knew Plaintiff could not afford.

40.     As a result of the foregoing violations of the TDCA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the TDCA, actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### (Intrusion Upon Seclusion)

41.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

42.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as follows: "One who intentionally intrudes… upon the solitude or seclusion of

*Miller, Paul v. Target Card Services*
Amended Complaint and Demand for Jury Trial

another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite an express request for the calls to cease.

b.    The number and frequency of the telephone calls to Plaintiff by Defendant after a request for the calls to cease and an explanation that Plaintiff could not afford to make a payment constitute an intrusion on Plaintiff's privacy and solitude.

c.    The harassing, embarrassing, and inconvenient timing of the calls evidence an intent to harass and embarrass Plaintiff in order to coerce Plaintiff into making a payment Defendant knew Plaintiff could not financially afford.

d.    Defendant conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work and sleep schedule.

e.    Defendant's acts, as described above, were done intentionally, with full knowledge of Plaintiff's financial hardship, and with the purpose

of coercing Plaintiff to make a payment that Defendant knew Plaintiff could not afford.

44.     As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Paul Miller, respectfully requests judgment be entered against Defendant, Target Enterprise, Inc., for the following:

A.     Declaratory judgement that Defendants violated the TCPA;

B.     Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C.     Actual and punitive damages resulting from the invasion of privacy;

D.     Statutory damages of no less than $100.00 pursuant to Tex. Fin. Code § 392.403(e);

E.     Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

F.     Costs and reasonable attorneys' fees pursuant to Tex. Fin. Code § 392.403(b);

G.     Any other relief that this Honorable Court deems appropriate.

*Miller, Paul v. Target Card Services*
Amended Complaint and Demand for Jury Trial

RESPECTFULLY SUBMITTED,

Dated: June 11, 2020

**Price Law Group, APC**

By: */s/ Lisbeth Findsen*
    Lisbeth Findsen
    SBN: 24002679
    8245 N 85th Way
    Scottsdale, AZ 85258
    T: (818) 600-5564
    E: beth@pricelawgroup.com
    *Attorneys for Plaintiff,*
    *Paul Miller*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Roxanne Harris*

*Miller, Paul v. Target Card Services*
Amended Complaint and Demand for Jury Trial